UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
―――――――――――――――――――――――――――――――
BRYANT E. PARKS,
                              Plaintiff,

            -v-

MONTEFIORE MEDICAL CENTER,
                              Defendant.

23-CV-4945 (JPO)

OPINION AND ORDER

J. PAUL OETKEN, District Judge:

      Plaintiff Bryant Parks ("Parks") proceeds *pro se* against his former employer, Defendant Montefiore Medical Center ("Montefiore"), claiming that Montefiore unlawfully terminated his employment due to his refusal to receive the COVID-19 vaccine. Parks brings claims under 42 U.S.C. § 1983, the Religious Freedom Restoration Act ("RFRA"), Title VII of the Civil Rights Act ("Title VII"), New York State Human Rights Law ("NYSHRL"), and New York City Human Rights Law ("NYCHRL"). Parks seeks damages and injunctive relief.

      Before the Court is Montefiore's motion to dismiss Parks's complaint for failure to state a claim. For the reasons that follow, the Court grants Montefiore's motion.

**I.    Background**

      Unless otherwise noted, the following facts are drawn from the complaint (ECF No. 1), which is presumed true for the purposes of resolving Montefiore's to dismiss.

      Parks began working as a security officer for Montefiore on April 13, 2013. (ECF No. 1 at 9.) On August 26, 2021, New York's Department of Health adopted a rule (the "mandate") directing hospitals and certain health care facilities to require that certain covered personnel be fully vaccinated against COVID-19 beginning September or October 2021, depending on the type of entity. *See We The Patriots USA, Inc. v. Hochul*, 17 F.4th 266, 274 (2d Cir. 2021) ("*We*

1

*The Patriots I*") (citing 10 N.Y.C. R.R. § 2.61 (2021)).  Parks requested an accommodation from the mandate on or about September 17, 2021 due to his religious beliefs.  (ECF No. 1 at 9.)  Montefiore informed him that it would not make a decision on his request until it received further guidance from the courts.  (*Id.*)  Montefiore also directed Parks to take a weekly COVID-19 test in the meantime, and Parks complied.  (*Id.*)

On September 30, 2021, Montefiore denied Parks's request for a religious accommodation and suspended him without pay.  (*Id.* at 11.)  Montefiore informed Parks that he had until October 29, 2021 to show proof of vaccination or resign from his position, and Parks declined to take either action.  (*Id.*)  Montefiore ultimately terminated Parks's employment.  (*Id.* at 5.)

Parks received a Notice of Right to Sue from the EEOC on March 24, 2023.  (*Id.* at 8.)  Parks filed this action on June 12, 2023 (*id.*), and he supplemented his complaint with a letter on July 1, 2023 (ECF No. 9).  On August 3, 2023, Montefiore filed a motion to dismiss Parks's complaint for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6).  (ECF No. 12.)  On August 28, 2023, Parks filed an opposition to that motion (ECF No. 17), and he subsequently filed additional letters in support of his opposition (ECF Nos. 18, 21, 22, 23).  On September 18, 2023, Montefiore filed a reply in support of its motion.  (ECF No. 19.)  In October 2023, the Department of Health repealed the regulation that instituted the mandate.  *See Med. Pros. for Informed Consent v. Bassett*, 197 N.Y.S.3d 785, 787 (4th Dep't 2023).

## II.     Legal Standard

To survive a motion to dismiss under Rule 12(b)(6), a plaintiff must state "enough facts to state a claim to relief that is plausible on its face."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). This means that a complaint is properly dismissed where "the allegations in a complaint, however true, could not raise a claim of entitlement to relief." *Twombly*, 550 U.S. at 558. A complaint is also properly dismissed "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct." *Iqbal*, 556 U.S. at 679. Determining whether a complaint states a plausible claim is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*

Parks is proceeding *pro se*. "It is well established that the submissions of a *pro se* litigant must be construed liberally and interpreted to raise the strongest arguments that they suggest." *Meadows v. United Servs., Inc.*, 963 F.3d 240, 243 (2d Cir. 2020) (internal quotation marks and citation omitted). "Nonetheless, a *pro se* complaint must state a plausible claim for relief." *Id.* (internal quotation marks and citation omitted).

### III. Discussion

#### A. Title VII

Parks contends that Montefiore unlawfully discriminated against him in violation of Title VII because it fired him in response to his refusal to take the COVID-19 vaccine, which was based on his religious beliefs. (*See* ECF No. 1 at 11.) Title VII prohibits employers from discriminating against employees with respect to the "compensation, terms, conditions, or privileges of employment" based on protected classifications, including religion. 42 U.S.C. § 2000e-2(a)(1). The statute "requires employers to accommodate the religious practice of their employees unless doing so would impose an 'undue hardship on the conduct of the employer's business.'" *Groff v. DeJoy*, 600 U.S. 447, 453-54 (2023) (quoting 42 U.S.C. § 2000e(j)).

The Court grants Montefiore's motion to dismiss Parks's claims under Title VII because requiring Montefiore to allow Parks to continue working without receiving the COVID-19

3

vaccine would have "impose[d] an undue hardship" on Montefiore "because it would require [it] to violate state law" in the form of the mandate. *Does 1-2 v. Hochul*, 632 F. Supp. 3d 120, 145 (E.D.N.Y. 2022). When Montefiore implemented and enforced the vaccine mandate, "Section 2.61, a binding state regulation, required [it] to 'continuously require personnel' like the plaintiff 'to be fully vaccinated against COVID-19'" absent a medical exemption, and "Title VII cannot be used to require employers to break the law." *Riley v. N.Y.C. Health & Hosps. Corp.*, No. 22-CV-2736, 2023 WL 2118073, at *4 (S.D.N.Y. Feb. 17, 2023) (quoting 10 N.Y.C. R.R. § 2.61(c)).

As a result, a "long line of cases in the Southern and Eastern Districts of New York have . . . uniformly rejected claims that an employer is required by Title VII to accommodate a request for a religious exemption from the Mandate at the cost of violating Section 2.61 and thus New York law." *Cagle v. Weill Cornell Med.*, __ F. Supp. 3d __, 2023 WL 4296119, at *4 (S.D.N.Y. 2023) (collecting cases); *see also Algarin v. N.Y.C. Health & Hosps. Corp.*, __ F. Supp. 3d __, 2023 WL 4157164, at *8 (S.D.N.Y. 2023) ("Courts have repeatedly dismissed Title VII claims brought against healthcare employers with a mandatory COVID-19 vaccination requirement because providing the sought religious exemption would create an undue hardship on the employer who would be in violation of the state rule."); *St. Hillaire v. Montefiore Med. Ctr.*, No. 23-CV-4763, 2024 WL 167337, at *4 (S.D.N.Y. Jan. 16, 2024) ("Courts in this Circuit have regularly dismissed Title VII claims brought by similarly situated Plaintiffs who sought blanket religious exemptions."). In affirming one of those decisions, the Second Circuit has also explained that, contrary to Parks's argument, those decisions are "consistent with the Supreme Court's clarification of the 'undue hardship' standard in *Groff* [*v. DeJoy*] because the burden placed on an employer from violating a state law, like the State Mandate in this case, is both

4

'excessive' and 'unjustifiable.'" *D'Cunha v. Northwell Health Syst.*, 2023 WL 7986441, at *3 (2d Cir. Nov. 17, 2023) (summary order) (quoting *Groff*, 600 U.S. at 469).

This Court also accepts Montefiore's separate argument that granting Parks an exemption would "heighten the risk of exposure to Montefiore's patients, many of whom are immunocompromised or otherwise vulnerable to severe infection," which "separately qualifies as an undue hardship." *Moore v. Montefiore Med. Ctr.*, No. 22-CV-10242, 2023 WL 7280476, at *6 (S.D.N.Y. Nov. 3, 2023); *see also Does 1-2*, 632 F. Supp. 3d at 145 (describing the exposure of "vulnerable patients and . . . healthcare workers[] to the COVID-19 virus" to be "obviously a significant hardship"); *Algarin*, 2023 WL 4157164, at *8 (similar); *Mace v. Crouse Health Hosp., Inc.*, No. 22-CV-1153, 2023 WL 5049465, at *7 (N.D.N.Y. Aug. 8, 2023) (similar).

Thus, as the Second Circuit has explained, "Title VII does not require covered entities to provide the accommodation that Plaintiffs prefer—in this case, a blanket religious exemption allowing them to continue working at their current positions unvaccinated." *We The Patriots I*, 17 F.4th at 292. Although an employer might be able to accommodate a religious objection by employing a worker in a manner that removes them from the mandate's definition of "personnel" altogether, the court clarified that "if a medically eligible employee's work assignments mean that she qualifies as 'personnel,' she is covered by the Rule and her employer must 'continuously require' that she is vaccinated against COVID-19." *We The Patriots USA, Inc. v. Hochul*, 17 F.4th 368, 370 (2d Cir. 2021) (quoting 10 N.Y.C. R.R. § 2.61(c)). Here, Parks's complaint does not mention any request for an accommodation that he made. (*See* ECF No. 1). And while he newly suggests in his opposition that he could have taken weekly testing, masking, and other measures (ECF No. 17 at 1), those measures would not have removed him from the mandate's

5

definition of "personnel," and Parks therefore requested a wholesale exemption, rather than an accommodation.  *See, e.g.*, *Algarin*, 2023 WL 4157164, at *8 ("A weekly testing accommodation, the only accommodation requested by Plaintiff as alleged in the Complaint, would not remove Plaintiff from the scope of Section 2.61 because Plaintiff would have continued working on site . . . with co-workers . . . ."); *Does 1-2*, 632 F. Supp. 3d at 132 & n.20 (plaintiffs' request to "wear facial coverings, submit to reasonable testing and reporting requirements, monitor symptoms, and otherwise comply with . . . reasonable conditions" was a request for "a blanket exemption" and "not an accommodation" (internal quotation marks omitted)).

### B. First Amendment

Parks also appears to contend that Montefiore violated the Free Exercise Clause of the First Amendment due to its decision to fire Parks, suggesting that he brings a claim under 42 U.S.C. § 1983 for violation of his First Amendment rights.  (ECF No. 1 at 3, 12.)  But the "Free Exercise Clause . . . appl[ies] only to state action," and to hold a defendant liable under that provision, a plaintiff "must allege facts suggesting that the [defendant] was engaged in state action."  *Lown v. Salvation Army, Inc.*, 393 F. Supp. 2d 223, 241 (S.D.N.Y. 2005); *see Henderson v. Ctr. for Cmty. Alts.*, 911 F. Supp. 689, 707 (S.D.N.Y. 1996) ("To state a claim under the First Amendment or under 42 U.S.C. § 1983, the behavior complained of must be considered an action of the government, and not that of a private actor.").

Parks alleges no facts to suggest that Montefiore is a public actor, and "[p]rivate hospitals . . . are generally not considered state actors."  *Moore*, 2023 WL 7280476, at *7 (internal quotation marks and citation omitted).  Indeed, "Montefiore has been held in many cases to be a private actor, not a state actor."  *Marte v. Montefiore Med. Ctr.*, No. 22-CV-3491,

2022 WL 7059182, at *5 (S.D.N.Y. Oct. 12, 2022) (collecting cases); *see also Moore*, 2023 WL 7280476, at *7 (collecting cases in which "other courts in this District have previously found Montefiore to be a private entity—not a state actor").  Thus, "[b]ecause Defendant is a private party—not a state actor—Plaintiff cannot bring a claim under 42 U.S.C. § 1983 against Defendant for violating [his] constitutional rights under the First Amendment." *St. Hillaire*, 2024 WL 167337, at *4.  Like other courts faced with claims against Montefiore for First Amendment violations, this Court also dismisses Parks's First Amendment claims.  *See id.*

### C. Religious Freedom Restoration Act

While Parks also appears to bring a claim under the Religious Freedom Restoration Act (ECF No. 1 at 3), that statute imposes restrictions on only the government and not private actors, *see* 42 U.S.C. § 2000bb-1, and as explained earlier, Montefiore is a private actor.  Moreover, even if Parks were somehow able to bring his RFRA claim to complain about the state mandate, "RFRA no longer applies to state governments." *Kravitz v. Purcell*, 87 F.4th 11, 121 (2d Cir. 2023).

### D. NYSHRL and NYCHRL

The only remaining claims are Parks's claims under the NYSHRL and NYCHRL.  Because the Court dismisses Parks's federal claims, it declines to exercise supplemental jurisdiction over his state and city claims.  *See* 28 U.S.C. § 1367(c)(3) (a court "may decline to exercise supplemental jurisdiction over" state law claims on various grounds, including that "the district court has dismissed all claims over which it has original jurisdiction," such as federal claims); *Lanza v. Merrill Lynch & Co.*, 154 F.3d 56, 61 (2d Cir. 1998) (explaining that state law claims should generally be dismissed when all federal claims are dismissed).  Parks's claims

7

under the NYSHRL and NYCHRL are therefore dismissed without prejudice to refiling in state court.

### E.  Subsequent Developments

In opposing Montefiore's motion to dismiss, Parks raises two developments that occurred after his termination: first, court decisions determining a vaccine mandate to be unlawful (ECF No. 17 at 2; ECF No. 18; *see also* ECF No. 22), and second, the subsequent repeal of the mandate (ECF No. 21.)  Neither development affects the Court's conclusions.

First, the court decisions that Parks cites were decided after Parks was terminated from his job.  For example, *Medical Professionals for Informed Consent v. Bassett*, 185 N.Y.S.3d 578 (N.Y. Sup. Ct. 2023), which held that the Department of Health exceeded its authority in issuing the mandate, "was not issued until January 13, 2023 and therefore" Montefiore "was obliged to follow Section 2.61 at the time that employment actions were taken with respect to Plaintiff in 2021."  *Algarin*, 2023 WL 4157164, at *9.  Thus, the decisions Parks cites do not control the legality of Montefiore's actions in 2021.  *See also Dennison*, 2023 WL 3467143, at *6 n.8 (explaining that as "a 2023 ruling," *Bassett* "has no bearing on the actions of Defendants in 2021); *Wilson v. N.Y. Soc'y for the Relief of the Ruptured and Crippled*, No. 22-CV-9207, 2023 WL 5766030, at *5 (S.D.N.Y. Sept. 7, 2023), *report and recommendation adopted*, 2023 WL 8622621 (S.D.N.Y. Dec. 13, 2023); *Mace*, 2023 WL 5049465, at *8.

Second, and similarly, the subsequent repeal of the mandate in Section 2.61 also does not affect the legality of Montefore's termination of Parks, as the mandate was in place at the time of the challenged action.  *See Algarin*, 2023 WL 4157164, at *9 (the Department of Health's decision not to enforce the mandate while it was considering its repeal "does not change the fact that Section 2.61 was in force and effect in 2021 at the time of the employment actions with

respect to Plaintiff"); *Tandian v. State Univ. of N.Y.*, __ F. Supp. 3d __, 2023 WL 8827577, at *5 (N.D.N.Y. Oct. 13, 2023), *appeal filed*, No. 23-7984 (2d Cir. Dec. 12, 2023) ("[A]lthough Section 2.61 is no longer in existence, it was valid law when [the defendant] terminated Plaintiff. Thus, there is no reason for the Court to conclude that . . . [the defendant] has inappropriately raised the affirmative defense that violating a valid law would have caused it an undue burden.").

### F.  Dismissal Without Prejudice

Montefiore requests that the Court dismiss Parks's complaint with prejudice. (ECF No. 13 at 13.) "[C]omplaints brought by *pro se* litigants are typically dismissed without prejudice," however. *Travis v. Bank of Am., N.A.*, No. 22-CV-10102, 2023 WL 4350797, at *4 (S.D.N.Y. July 5, 2023). In light of the liberal construal afforded to complaints filed by *pro se* plaintiffs, the Court dismisses Parks's complaint without prejudice to repleading.

## IV.  Conclusion

For the foregoing reasons, Montefiore's motion to dismiss is GRANTED. Parks is granted leave to file an amended complaint, consistent with this opinion, within 28 days. If no amended complaint is filed, this case will be dismissed with prejudice, permitting an appeal.

The Clerk of Court is directed to close the motion at ECF Number 12.

SO ORDERED.

Dated: March 4, 2024
       New York, New York

_____
J. PAUL OETKEN
United States District Judge

9