UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

BRYANT E. PARKS,
                Plaintiff,

-v-

MONTEFIORE MEDICAL CENTER,
                Defendant.

23-CV-4945 (JPO)

OPINION AND ORDER

J. PAUL OETKEN, District Judge:

      This is an employment discrimination case brought by Plaintiff Bryant E. Parks against Defendant Montefiore Medical Center ("Montefiore") for allegedly terminating Parks for his failure to receive the COVID-19 vaccine without offering him a religious accommodation. Before the Court is Montefiore's motion to dismiss Parks's amended complaint. For the reasons that follow, Montefiore's motion is granted.

**I.    Background**

      The Court assumes familiarity with the background of this case, more thoroughly summarized in *Parks v. Montefiore Medical Center*, No. 23-CV-4945, 2024 WL 917330 (S.D.N.Y. Mar. 4, 2024) ("2024 Opinion"). In the 2024 Opinion, the Court granted Montefiore's motion to dismiss Parks's complaint but granted Parks leave to amend, *id.* at *5, as is customary to facilitate a *pro se* plaintiff's compliance with the pleading requirements in federal court, *see Travis v. Bank of Am., N.A.*, No. 22-CV-10102, 2023 WL 4350797, at *4 (S.D.N.Y. July 5, 2023). On April 29, 2024, Parks filed an amended complaint. (ECF No. 30 ("AC").) On May 20, 2024, Montefiore moved to dismiss the amended complaint (ECF No. 35), and filed a memorandum of law in support (ECF No. 37 ("Mem")). On June 28, 2024, Parks filed an opposition to the motion. (ECF No. 40 ("Opp").) On July 9, 2024, Montefiore filed a reply in

further support of its motion. (ECF No. 41 ("Reply").) On August 22, 2024, the Court granted Parks leave to file a surreply (ECF No. 44), which he filed in the form of two letters in further opposition to the motion on September 19 and 25, 2024. (*See* ECF Nos. 45, 46.) Parks submitted a third letter requesting that the Court review additional legal authority on January 19, 2025. (ECF No. 49.)

## II.    Legal Standard

Complaints in federal court must "contain a 'short and plain statement of the claim showing that the pleader is entitled to relief.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 677-68 (2009) (quoting Fed. R. Civ. P. 8(a)(2)). Surviving a motion to dismiss, brought under Federal Rule of Civil Procedure 12(b)(6), for failure to state a claim "does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation.'" *Id.* at 678 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Each asserted claim must be "plausible on its face," *id.* (quoting *Twombly*, 550 U.S. at 570), as "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Lynch v. City of New York*, 952 F.3d 67, 74 (2d Cir. 2020) (quoting *Iqbal*, 556 U.S. at 678). In considering such a motion, the court must "accept all 'well-pleaded factual allegations' in the complaint as true," *id.* at 74-75 (quoting *Iqbal*, 556 U.S. at 679), as well as "construe all reasonable inferences that can be drawn from the complaint in the light most favorable to the plaintiff," *id.* at 75 (quoting *Arar v. Ashcroft*, 585 F.3d 559, 567 (2d Cir. 2009) (en banc)). A plaintiff's "legal conclusions," on the other hand, do not benefit from "the tenet that a court must accept as true all of the allegations contained in a complaint." *Iqbal*, 556 U.S. at 678. Moreover, "[i]t is well established that the submissions of a *pro se* litigant must be construed liberally and interpreted to raise the strongest arguments that they suggest." *Meadows v. United Servs., Inc.*, 963 F.3d 240, 243 (2d Cir. 2020).

**III.   Discussion**

The amended complaint asserts claims for violations of Title VII, 42 U.S.C. §§ 2000e *et seq.*, the New York State Human Rights Law ("NYSHRL"), N.Y. Exec. L. §§ 290 *et seq.*, and the New York City Human Rights Law ("NYCHRL"), N.Y. City Admin. Code §§ 8-101 *et seq.* (AC at 4.)  Parks also seeks leave to file a second amended complaint in the event that the Court grants Montefiore's motion to dismiss.  (Opp. at 4-5.)

**A.   Title VII**

In its 2024 Opinion, the Court dismissed the Title VII claim for failure to allege a request for accommodation that would not pose undue hardship; that is, an accommodation other than a blanket exemption from the mandate.  *Parks*, 2024 WL 917330, at *2-3.[1]  In particular, the Court held that Parks's request for a blanket exemption posed an undue hardship on Montefiore— thereby alleviating it of any requirement to provide the exemption under Title VII—because it would require Montefiore to risk both noncompliance with state law as well as exposure of its vulnerable patient population to COVID-19.  *See id.*  Those holdings are "law of the case," meaning they should not be disturbed absent "cogent or compelling reasons[,] including an intervening change in law, availability of new evidence, or the need to correct a clear error or prevent manifest injustice."  *Johnson v. Holder*, 564 F.3d 95, 99-100 (2d Cir. 2009) (quotation marks omitted).

Parks contends in three letters—again, liberally construed—that intervening changes of law require the Court revisit its holding that a blanket exemption to the mandate would cause

---

[1] The 2024 Opinion also construed Parks's original complaint as asserting claims under the First Amendment and the Religious Freedom Restoration Act, both of which the Court dismissed.  *See Parks*, 2024 WL 917330, at *3-4.  After dismissing the federal claims, the Court declined to exercise subject matter jurisdiction over the remaining state law claims.  *Id.* at *4.

3

undue hardship. (*See* ECF Nos. 45, 46, 49.) That argument is unavailing. First, Parks cites *Campbell v. Universal City Development Partners, Ltd.*, in which the Eleventh Circuit held that as a matter of statutory interpretation, compliance with state law does not render a discriminatory eligibility criterion "necessary" as that term is used in the Americans with Disabilities Act. 72 F.4th 1245, 1256-58 (11th Cir. 2023). Thus, *Campbell* involved the interpretation of the word "necessary," rather than the scope of "undue hardship" under this Circuit's Title VII jurisprudence and is thus inapplicable. Moreover, *Campbell* was decided nearly a year before this Court issued the 2024 Opinion, and so does not constitute "an intervening change in law." Likewise, Parks's arguments regarding the Supreme Court's decision in *Groff v. DeJoy*, 600 U.S. 447 (2023)—a case discussed at length in the 2024 Opinion—do not persuade the Court that its earlier holdings were in error. Nor does *Doe 1 v. NorthShore Univ. HealthSystem*, a case from 2021 declining to grant a preliminary injunction against a vaccine mandate brought by healthcare professionals arguing the mandate violated their religious beliefs. *See* No. 21-CV-5683, 2021 WL 5578790, at *11 (N.D. Ill. Nov. 30, 2021). Parks's final citation,[2] to Judge Furman's decision in *Rizzo v. N.Y.C. Dep't of Sanitation*, though decided after the 2024 Opinion, does not compel a different result, as it did not discuss whether violating state law may constitute can undue hardship, and did not involve work around a particularly vulnerable population. *See* No. 23-CV-7190, 2024 WL 3274455, at *3 (S.D.N.Y. July 2, 2024) ("This is a far cry from the main case on which the City relies, which held that providing religious accommodations would result in 'undue hardship' to the City because the plaintiffs were teachers who could not physically be

---

[2] In that same letter, Parks cites *Equal Employment Opportunity Commission v. AG Equipment Co.*, No. 24-CV-403 (N.D. Okla.). Judge Hill of the Northern District of Oklahoma has yet to issue an opinion in that case, and the EEOC's briefed arguments before that court are not controlling here.

in the classroom while unvaccinated without presenting a risk to the vulnerable . . . student population." (cleaned up)).³  If anything, intervening legal developments cut against Parks's position.  *See, e.g.*, *Does 1-2 v. Hochul*, No. 22-2858, 2024 WL 5182675, at *4 (2d Cir. Dec. 20, 2024) (summary order) (holding that noncompliance with New York's vaccine mandate would cause undue hardship for the purposes of Title VII's religious accommodation requirement).

Accordingly, the only question raised by the present motion is whether Parks has adequately alleged "any request for an accommodation that he made."  *Parks*, 2024 WL 917330, at *3.  Montefiore insists that, even liberally construed, Parks's amended complaint does not make such an allegation.  (Mem. at 8-9.)  The Court agrees.

Specifically, Parks alleges:

I informed Montefiore Medical Center of this belief by requesting a reasonable accommodation under Title VII.  I was willing to accept any reasonable accommodation that employer offered.  I submitted a reasonable accommodation written request to employer."

. . .

---

³ The Court has considered Parks's remaining citations in his most recent letter (see ECF No. 49), and finds them all similarly unavailing.  *See Passarella v. Aspirus, Inc.*, 108 F.4th 1005, 1008-12 (7th Cir. 2024) (holding that Title VII plaintiffs seeking an accommodation from a vaccine mandate adequately alleged that they sought the exemption for religious reasons); *Ringhofer v. Mayo Clinic, Ambulance*, 102 F.4th 894, 900-02 (8th Cir. 2024) (similar); *Does 1-11 v. Bd. of Regents of Univ. of Colo.*, 100 F.4th 1251, 1279-81 (10th Cir. 2024) (reversing, on First and Fourteenth Amendment grounds, a district court's denial of a preliminary injunction enjoining two vaccine mandates).  Perhaps most on point is *Chavez v. S.F. Bay Area Rapid Transit District*, 723 F. Supp. 3d 805, 818-824 (N.D. Cal. 2024) (denying plaintiffs' motion for summary judgment on claims for failure to afford a religious accommodation from a vaccine mandate, finding genuine disputes of material fact).  But even in that case, Judge Alsup cited *Dennison v. Bon Secours Charity Health Sys. Med. Grp., P.C.*, in which Judge Seibel noted that "[c]ourts in [the Second] Circuit have regularly dismissed Title VII claims brought by . . . [p]laintiffs who sought blanket religious exemptions."  No. 22-CV-2929, 2023 WL 3467143, at *6 (S.D.N.Y. May 15, 2023) (collecting cases).  Moreover, *Chavez* does not appear to have concerned a particularly vulnerable patient population or a request for a blanket exemption.  *See id.* at 819-20.

> I could have teleworked which is in compliance with the 2nd Circuit decision [*We the Patriots USA, Inc. v. Hochul*, 17 F.4th 266 (2d Cir. 2021)]. Part of job description is to monitor the access to facilities and grounds via CCTV cameras. Remote guarding sometimes called remote video guarding. Montefiore has a combination of video surveillance, video analytics and remote live video monitoring to provide security coverage of the property. When a security event is detected as a remote officer I can quickly assess the situation communicate with on-site personnel, and take appropriate action.
>
> I could have teleworked as Security department secretary. A remote secretary performs the same administration functions of an in-house secretary but in a remote capacity. I could have worked remote and handle clerical task for the Security department. Responsibilities include managing correspondence, making and receiving phone calls, overseeing the office schedule and appointment books and other duties as necessary.
>
> The employer never had a good faith cooperative dialogue/interactive process to remove me from the scope of the mandate.

(AC ¶¶ 2-3.)

Moreover, "[i]n evaluating the legal sufficiency of a *pro se* plaintiff's claims, a court may rely on the plaintiff's opposition papers." *Vlad-Berindan v. MTA N.Y.C. Transit*, No. 14-CV-675, 2014 WL 6982929, at *6 (citing *Crum v. Dodrill*, 562 F. Supp. 2d 366, 373 n.13 (N.D.N.Y. 2008)). In opposing the motion to dismiss, Parks provides additional context regarding his request for accommodation, alleging:

> I requested a Reasonable Accommodation based on my Sincerely held religious beliefs under Title VII 1964 Civil Rights Act. Employer never provided me with Reasonable Accommodation request form or questionnaire to fill out under Title VII 1964 Civil Rights Act. I was informed by Security Department Management that they were directed by Employer to give me a Religious Exemption form and questionnaire to fill out along with vaccine exemption email. Religious exemption form and questionnaire that was giving to me by employer did not address (A) What is the accommodation or modification that I'm requesting? (B) List any alternative religious accommodation such as remote work that also would eliminate the conflict between New York Department of Health 10 NYCRR 2.61 (mandate) requirement, policy or practice and my sincerely held religious beliefs. I'm informing the Court that I could have telework/remote work roles (temporary) that does not require contact with other employees' patients.

(Opp. at 3.)

6

Montefiore is correct that Parks "does not allege that he requested that he be given a position that removed him from the scope of the vaccine mandate," and thus fails to state a claim under Title VII. (Mem. at 8.) As was explained in the 2024 Opinion, Parks's original complaint failed to state a claim because he did not allege "any request for an accommodation *that he made*." *Parks*, 2024 WL 917330, at *3 (emphasis added). In fact, the original complaint already contained the allegation that Parks "submitted a religious exemption request to employer in response to [the mandate] based on my sincerely held religious beliefs." (Compl. at 11.) Although Parks now alleges two types of specific accommodation that may have been available—i.e., remote security monitoring and secretarial work—he does not allege that he requested those positions at the time, and nothing in the amended complaint, even liberally construed, raises such an inference. In fact, Parks's opposition suggests the opposite: that the exemption form Parks received "did not address . . . any alternative religious accommodation such as remote work." (Opp. at 3.) As Montefiore explains, "[t]he exemption form is not what constrained Plaintiff from supposedly requesting an accommodation" (Reply at 3), because although records submitted in this case show that Parks submitted with his accommodation form a written supplement requesting an exemption from the mandate (*see* ECF No. 36-1),[4] he never once requested any alternative employment that would remove him from the scope of it (*see* Reply at 3).

---

[4] Although Parks's allegations concern the accommodation form extensively, he did not attach the form to his amended complaint or opposition. Still, in ruling on a motion to dismiss, courts "may consider any written instrument attached to the complaint as an exhibit or incorporated in the complaint by reference, as well as documents upon which the complaint relies and which are integral to the complaint." *Subaru Distribs. Corp. v. Subaru of Am., Inc.*, 425 F.3d 119, 122 (2d Cir. 2005).

Moreover, even if the Court could construe the amended complaint to allege that Parks actually requested the positions he now describes, Parks has still "failed to demonstrate . . . that there were any [remote] positions available for [security guards], and [the Second Circuit's] case law makes clear that defendants [are] not required to create a new position to accommodate" a Title VII plaintiff. *Cf. Davidson v. LaGrange Fire Dist.*, 523 F. App'x 838, 839 (2d Cir. 2013) (summary order) (citing *Graves v. Finch Pruyn & Co.*, 457 F.3d 181, 187 (2d Cir. 2006)). For that reason, as well, no liberal construction can save Parks's second amended complaint.

Accordingly, the Title VII claim is dismissed with prejudice.

### B.    State Law Claims

As the Court explained in the 2024 Opinion, it is appropriate to decline to exercise subject matter jurisdiction over the remaining state law claims. *See Parks*, 2024 WL 917330, at *4 (citing *Lanza v. Merrill Lynch & Co.*, 154 F.3d 56, 61 (2d Cir. 1998)). Accordingly, the NYSHRL and NYCHRL claims are dismissed without prejudice.

### C.    Leave to Amend

Because Parks has already had one opportunity to amend his complaint with the benefit of the standards explained in the 2024 Opinion, the Court denies at this time his request in the alternative for leave to amend the complaint a second time. *See Cox v. Aversa*, No. 18-CV-3898, 2020 WL 815476, at *5 (S.D.N.Y. Feb. 19, 2020) ("[A]lthough *pro se* plaintiffs are generally given leave to amend a deficient complaint, a district court may deny leave to amend when amendment would be futile because the problem with the claim is substantive and better pleading will not cure it." (cleaned up)). Instead, the Court directs Parks to submit, by February 24, 2025, a letter indicating: (1) whether or not he asked Montefiore to work remotely before he was fired, and (2) whether or not remote security positions were available at the time he was fired.

8

Montefiore shall have two weeks from the date that any letter is filed to file any response. At that time, the Court will determine whether a second amendment is futile.

### IV.   Conclusion

For the foregoing reasons, Montefiore's motion to dismiss the amended complaint is GRANTED.

The Clerk of Court is directed to close the motion at ECF No. 35.

SO ORDERED.

Dated: February 3, 2025
       New York, New York

_____
J. PAUL OETKEN
United States District Judge